IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRANITE STATE INSURANCE COMPANY, as subrogee of Wheeler Avenue Baptist Church,     Plaintiff, | § § § § § | |
| v. | § § | CIVIL ACTION NO. H-08-0238 |
| SCHNEIDER ELECTRIC ENGINEERING SERVICES, LLC, *et al.*,     Defendants. | § § § § § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendants' Motion for Leave to Designate Responsible Third Parties ("Motion") [Doc. # 26], to which Plaintiff filed a Response [Doc. # 28] in opposition to the Motion. Having reviewed the record in this case and having applied relevant legal authorities, the Court **grants** Defendants' Motion to the extent set forth herein.

Plaintiff is the property insurer for Wheeler Avenue Baptist Church (the "Church"). The Church sustained property damage as the result of a fire which allegedly originated in the mechanical room in the Church's school building. The general contractor for the construction of the school building was Hale-Mills Construction, Inc. ("Hale-Mills") and Lloyd Wright was the Church's independent

construction superintendent to monitor Hale-Mills's work. Defendant Jomar Contractors, Inc. ("Jomar") was the electrical subcontractor for the school building construction project. Jomar installed an electrical panelboard manufactured by Defendant Schneider Electric Engineering Services, LLC d/b/a Square D Company ("Square D").

Defendants seek to designate the Church as a responsible third party based on its failure to perform proper maintenance on the electrical panel, and Defendants seek to designate Hale-Mills and Wright as responsible third parties based on their failure to instruct the Church fully and properly regarding the need for the Church to perform maintenance on the electrical panel. Defendants also seek to designate Comfort Systems USA, Inc. and Accurate Air Systems, Inc. as responsible third parties based on their repair of a water leak near the electrical panel days before the fire occurred.

In pertinent part, § 33.004 of the Texas Practice & Remedies Code provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Under § 33.011(6), a "responsible third party" "means [in pertinent part] any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an


Case 4:08-cv-00238   Document 29   Filed in TXSD on 07/21/09   Page 2 of 4

construction superintendent to monitor Hale-Mills's work. Defendant Jomar Contractors, Inc. ("Jomar") was the electrical subcontractor for the school building construction project. Jomar installed an electrical panelboard manufactured by Defendant Schneider Electric Engineering Services, LLC d/b/a Square D Company ("Square D").

Defendants seek to designate the Church as a responsible third party based on its failure to perform proper maintenance on the electrical panel, and Defendants seek to designate Hale-Mills and Wright as responsible third parties based on their failure to instruct the Church fully and properly regarding the need for the Church to perform maintenance on the electrical panel. Defendants also seek to designate Comfort Systems USA, Inc. and Accurate Air Systems, Inc. as responsible third parties based on their repair of a water leak near the electrical panel days before the fire occurred.

In pertinent part, § 33.004 of the Texas Practice & Remedies Code provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Under § 33.011(6), a "responsible third party" "means [in pertinent part] any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an

applicable legal standard, or by any combination of these." *See Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Muniz v. Stanley*, 2007 WL 1100466 (S.D. Tex. Apr. 11, 2007); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007). If a person is held to be a responsible third party, then § 33.003 provides that the person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages. Pursuant to § 33.004(e), Plaintiffs then have sixty (60) days to move to join the designated responsible third parties as defendants in the lawsuit.

Plaintiff opposes Defendants' Motion, arguing that designating the Church is redundant because Plaintiff is suing as the subrogee of the Church. To the extent that it is made clear to the fact finder that the Church is a party in interest in this case and that Defendants are entitled to assert the defense of contributory negligence against the Church, there is no need to designate the Church separately as a responsible third party.

Plaintiff opposes designating the other parties, arguing that Defendants have not pled claims against those parties that satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. The Court is unpersuaded by Plaintiff's objection; these entities have been shown to have potential liability for the property damage to the Church.

Based on the foregoing, the Court concludes that § 33.004 applies and that Hale-Mills, Wright, Comfort Systems USA, Inc., and Accurate Air Systems, Inc. have potential responsibility for the property damage to the Church. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Leave to Designate Responsible Third Parties [Doc. # 26] is **GRANTED in part**. Defendants are granted leave to designate Hale-Mills Construction, Inc., Lloyd Wright, Comfort Systems USA, Inc., and Accurate Air Systems, Inc. as responsible third parties pursuant to § 33.004 of the Texas Civil Practice and Remedies Code. The Motion is **DENIED** to the extent Plaintiff seeks to add the Wheeler Avenue Baptist Church as a responsible third party.

SIGNED at Houston, Texas, this **21**$^{st}$ day of **July, 2008**.

*[signature]*

Nancy F. Atlas
United States District Judge